MEMORANDUM *
Richard Oba ' (“Oba”) appeals his 72-month sentence for three counts of Seaman’s Manslaughter in violation of 18 U.S.C. § 1115. Oba argues that he did not act recklessly, and that his sentence is unreasonable in light of sentences imposed in similar cases. The parties are familiar with the facts of the case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, affirm in part, vacate Oba’s sentence, and remand.
We review the district court’s factual findings for clear error. United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005) (citation omitted). We review the reasonableness of a sentence under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, -, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007); United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). We affirm the district court’s finding that Oba acted recklessly, but vacate Oba’s sentence because the district court failed to properly address Oba’s reasonableness argument or explain its major upward departure from the Sentencing Guidelines.
“ ‘Reckless’ means a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation.” U.S.S.G. § 2A1.4 App. Note 1. Recklessness requires awareness and conscious disregard of a risk. Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1130 (9th Cir.2006) (en banc). Coast Guard officials warned Oba that the Umpqua bar was closed five times, and informed him that fourteen to sixteen-foot waves were breaking throughout the area. Oba’s personal acquaintances on shore gave similar warn *700 ings, and echoed the Coast Guard’s recommendations to divert course. Whether or not Oba actually knew the boundaries of the restricted zone, the district court did not clearly err in finding Oba’s decision to make for the Umpqua bar reckless.
At sentencing, Oba presented evidence that other convictions for Seaman’s Manslaughter have generally resulted in sentences substantially less than 72 months. A district court should address a party’s “specific, nonfrivolous argument tethered to a relevant [18 U.S.C.] § 3553(a) [sentencing] factor.... ” Carty, 520 F.3d at 992. Failure to do so constitutes procedural error. Id. Oba’s argument was relevant to “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). Because the district court did not address Oba’s argument, we vacate Oba’s sentence and remand so that the district court may do so.
Furthermore, a district court must explain its reasoning when it imposes a sentence outside the Sentencing Guidelines. Gall, 128 S.Ct. at 597; Carty, 520 F.3d at 992. “[A] major departure should be supported by a more significant justification than a minor one.” Gall, 128 S.Ct. at 594. Here, the district court imposed a sentence roughly forty percent higher than the Guidelines range. The district court’s explanation for this upward departure was insufficient. The Guidelines offense level already accounted for Oba’s reckless conduct and the multiple deaths circumstance. The district court also cited the extreme psychological damage suffered by the sole surviving passenger. However, “psychological injury [is] sufficiently severe to warrant application of [an upward] adjustment only when there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms or by changes in behavior patterns.” U.S.S.G. § 5K2.3. Here, the survivor testified that he would “never forget the walk down that dock” and “if you ever see a piece of driftwood bobbing in the water, it will remind me of that night....” This does not qualify as “extreme psychological injury” under U.S.S.G. § 5K2.3.
Because we remand on the basis of the procedural errors, we do not reach the question of substantive reasonableness. We note, however, that the captain of the Staten Island ferry whose illegal drug use at the helm led to 11 deaths received a below-Guidelines sentence of 18 months imprisonment after pleading guilty to 11 counts of Seaman’s Manslaughter.
The district court did not clearly err in finding Oba reckless. The district court did, however, commit procedural error and abuse its discretion by imposing a 72-month sentence after failing to address Oba’s § 3553(a) argument and failing to adequately explain its upward departure from the Sentencing Guidelines.
Accordingly, we AFFIRM in part, VACATE the 72-month sentence, and REMAND for resentencing in accordance with this disposition.[1]

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Reassignment to a new judge is only warranted where the original judge has shown a personal bias that requires recusal, or where there are "unusual circumstances" that re *701 quire reassignment, including whether the original judge will have difficulty putting aside previously expressed views, where necessary to preserve the appearance of justice, and where the potential for inefficient use of judicial resources is not out proportion to the gain in preserving the appearance of fairness. In re Ellis, 356 F.3d 1198, 1211 (9th Cir.2004). Reassignment is not warranted in this case.